**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2434
_____

YASH PAUL,
                                    Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-231-685)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: October 17, 2011)
_____

OPINION
_____

PER CURIAM.

        Yash Paul, proceeding pro se, petitions for review of the Board of

Immigration Appeals' ("BIA") final order of removal.  For the reasons that follow, we

will deny the petition.

**I.**

Since we write primarily for the parties, who are familiar with the background of this case, we discuss only those aspects of the case necessary for the resolution of the instant petition. Paul, a native and citizen of India, entered the United States as a nonimmigrant visitor in July 2006. He ultimately stayed beyond the time permitted under his visa, and was placed in removal proceedings. Once in proceedings, he conceded his removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of his application, he claimed that he feared returning to India on account of his political opinion.

In May 2009, after holding a hearing on the merits, the Immigration Judge ("IJ") denied Paul's application. The IJ concluded that Paul's asylum claim failed for a number of reasons: it was untimely, his testimony lacked credibility, he had failed to provide reasonably available corroborative evidence, and he had failed to show that he could not safely relocate to another part of India. The IJ further concluded that because Paul could not satisfy the standard for obtaining asylum, he necessarily could not meet the higher standard for obtaining withholding of removal. Finally, the IJ concluded that Paul had not established that he was entitled to CAT relief.

Paul, who had been represented by counsel in the proceedings before the IJ, filed a pro se appeal with the BIA. On April 29, 2011, the BIA dismissed the appeal. In doing so, the BIA concluded that the record supported the IJ's determination that Paul's

2

asylum application was untimely. Additionally, the BIA upheld the IJ's denial of withholding of removal, concluding that the IJ's adverse credibility determination, which was based on "multiple factors including omissions, inconsistent statements and inconsistencies between [Paul's] testimony and his application," (Decision of BIA at 2), was not clearly erroneous. Finally, the BIA concluded that Paul had waived any challenge to the denial of his request for CAT relief, noting that "he has not presented any factual or legal argument for our consideration on appeal." (Id.) Paul now seeks review of the BIA's decision.

## II.

Although we have jurisdiction to review a final order of removal, see 8 U.S.C. § 1252(a)(1), the scope of our review in this case is limited. First, we lack jurisdiction to review the BIA's decision upholding the IJ's denial of Paul's asylum application as untimely. See 8 U.S.C. § 1158(a)(3); Sukwanputra v. Gonzales, 434 F.3d 627, 633-34 (3d Cir. 2006). Second, we need not decide whether Paul exhausted his CAT claim before the agency, for he does not raise that issue here. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (stating that "[a]n issue is waived unless a party raises it in its opening brief"). Accordingly, we are left only with his challenge to the denial of his request for withholding of removal, which we address below.[1]

---

[1] The Government argues that Paul has waived any challenge to the agency's adverse credibility determination — the basis for the BIA's decision to uphold the IJ's denial of

3

**III.**

Where, as here, the BIA "invokes specific aspects of the IJ's analysis and fact-finding in support of [its] conclusions," we review both the IJ's decision and the BIA's decision. See Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). In examining the agency's denial of withholding of removal, we review its factual findings, including the IJ's adverse credibility determination, for substantial evidence. See Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003). Under this deferential standard, we must uphold the agency's findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

In this case, the BIA upheld the IJ's denial of Paul's request for withholding of removal based on the IJ's adverse credibility determination. Paul has failed to demonstrate that the record compels a contrary result. His bald claim that he "presented very credible testimony at [his] hearing," is insufficient to warrant relief here, as he makes no effort to address the various omissions and inconsistencies cited by the IJ in support of her adverse credibility determination. Accordingly, we will not disturb the agency's denial of withholding of removal.

**IV.**

In light of the above, we will deny Paul's petition for review.

---

withholding of removal — by failing to raise the issue in his informal brief. We disagree, and conclude that Paul's brief sufficiently addresses, albeit barely, the issue of credibility to bring that issue before us.